### HALL and others v. STERN and others.

*(Circuit Court, S. D. New York. October, 1882.)*

PATENT LAW—INFRINGEMENT.

The accomplishment, by a patented article, of the same result as that produced by another patent, is not such an anticipation as will make it an infringement, unless the result is produced by the same means, and in substantially the same way.

*Edmund Wetmore*, for orators.
*Delos McCurdy*, for defendants.

WHEELER, J.   This cause depends upon the valididy of letters patent No. 182,633, dated September 26, 1876, and issued to Pierre Leopold Brot, assignee of Ludger Tiburce Berton, for a compound mirror, consisting of a main mirror with side mirrors hinged within the frame of the main mirror on each side, and opening outward, so as when opened to present opposite reflecting surfaces at angle to the main reflecting surface, and so as to fold one over the other within the main frame and present outwardly only the covered backs of the outer mirrors.   The defense is want of patentable novelty, in view of letters patent No. 62,526, dated March 5, antedated February 20, 1867, and issued to Robert H. Brown for an improved toilet-glass, and now owned by the defendants; letters patent No. 112,474, dated March 7, 1871, and issued to Richard Mason for an improvement in back-reflecting mirrors; and letters patent No. 132,633, dated October 29, 1872, and issued to John Vickery for an improvement in toilet-glasses.   The object of all these inventions is to show different views of the person at the same time by direct and repeated reflections.   Brown's is much more like the orators' than either of the others.   The principal difference between them is that Brown's has only the two side mirrors hinged to a frame somewhat like the frame to the orators' main mirror.   Mason's is a combination of hinged frames, levers, and cords for adjusting the mirrors from a stationary case.   Vickery's is an attachment of toilet-glasses to the sides of the usual mirror to swing into various angles to it.   Neither of the two latter is like the orators', except in the result produced.   Brown's is not the equivalent of the orators'.   Different views of the person can be obtained at the same time by Brown's two mirrors, but not so many, nor from so many different points of view, as can be by the orators' combination of three mirrors.   It is said that the orators' patent includes Brown's invention without disclaiming it, and that, therefore, a material part of the invention, covered by the orators' patent, was patented before and avoided the patent.   This objection to the patent does not appear to be well founded.   The combination or arrangement of two mirrors is not the same as of three, and is not included in that of three any more than the arrangement of one would be the same as, or included in, that of two.   The accomplishment of the same result is not an anticipation, unless it is done by the same means in substantially the same way.   Obtaining different views of the person at the same time by mirrors was not new to any of these inventors.   Brown invented a method of doing it by his arrangement of two mirrors, and, so far as appears now, he was enti-

tled to a patent upon his particular means of accomplishing so much as he did accomplish. So of Mason and Vickery. Berton took different means from, either, and accomplished a more extensive result. His patent for his new method appears to be valid. The infringement appears to be an exact imitation of the orators' patented mirror, and no question has been made about that.

Let a decree be entered for the orator according to the prayer of the bill, with costs.